Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4770 | **DATE** | 10/16/2003 |
| **CASE TITLE** | Graham vs. Ashcroft | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting defendant's motion for summary judgment. Accordingly, judgment is entered in favor of defendant and against plaintiff. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 17 2003 | |
| | Notified counsel by telephone. | | date docketed | 22 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 10/16/2003 | |
| MPJ | courtroom deputy's initials | | date mailed notice MPJ | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

ARCHIE GRAHAM, )
)
Plaintiff, )
)
v. ) No. 02 C 4770
)
JOHN ASHCROFT, Attorney General, )
United States Department of Justice, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

I.

Plaintiff Archie Graham, an African-American male, began working for the Immigration and Naturalization Service ("INS"), a branch of defendant Justice Department, in 1977. Between 1977 and 1983, Mr. Graham worked as a Criminal Investigator in the INS' Philadelphia office. Mr. Graham then left INS for five years. In 1988, he was reinstated as a Journeyman Special Agent in the Chicago office. Mr. Graham was assigned to Fraud Unit #2, which was responsible for investigating charges of marriage, document, and visa fraud. During his employment there, he received a mix of good and poor performance evaluations, as did other agents, both black and white. Mr. Graham remained in Fraud Unit #2 until he voluntarily retired in January 1998.

In 1996, INS announced a vacancy for a Supervisory Criminal Investigator ("SCI"). Criteria for selection to the post included knowledge of and demonstrated ability to apply INS laws and

policies; oral and written communication ability; investigative skill and knowledge; and ability to lead subordinates. Numerous INS employees, including Mr. Graham, who was then 53 years old, applied for the SCI position. An INS personnel panel rated and ranked the applicants and prepared a "best-qualified list" of the best ten applicants, including Mr. Graham. This list of ten included one white female, two Hispanic males, one African-American male, five white males, and one person whose race and gender were not identified. At the time, the Chicago office had 12 SCIs, all of whom were male. One was African-American, one was Hispanic, and the remainder were white. The district director in charge of the Chicago office, Brian Perryman, selected Wilma Lorigo, a 45-year-old white woman and the only female on the best-qualified list, for the SCI position. Ms. Lorigo had been continuously employed by the INS in a variety of departments and details since 1976. She also submitted positive recommendations from her supervisors, while Mr. Graham did not. Mr. Graham admits that he did not have the training, collateral duty experience, or detail-related experience of Ms. Lorigo.

In September 1996, Mr. Graham filed a formal Equal Employment Opportunity (EEO) complaint. In it, Mr. Graham alleged that Mr. Perryman discriminated against him based on his race, religion, sex, and age in selecting the new SCI. In May 1998, after his voluntary retirement, Mr. Graham filed another formal complaint,

alleging that his INS superiors Raymond Rouse, Bruce Kading, and Thomas Farris discriminated against him, citing his non-selection for training, collateral and acting supervisory assignments, and a collateral EEO counselor position, as well as harassment beginning in 1993. The EEO complaints were consolidated and heard in January, 2000. The administrative judge ("AJ") heard evidence on the following issues: (1) Whether the INS had discriminated against Mr. Graham on the basis of race, religion, and sex; (2) whether the INS had discriminated against him on the basis of age; (3) whether Mr. Graham had been subjected to a hostile work environment; and (4) whether the INS had retaliated against Mr. Graham because of his EEO complaints. The AJ found that Mr. Graham had not proven any of these claims by a preponderance of the evidence. Mr. Graham appealed the final order to the Equal Employment Opportunity Commission ("EEOC"). In April 2002, in a fifteen-page decision, the EEOC found that the AJ's findings and conclusions were supported by substantial evidence. In July, 2002, Mr. Graham filed this suit pursuant to 42 U.S.C. § 2000e (Title VII), 42 U.S.C. § 1981, and 29 U.S.C. § 621 (the Age Discrimination in Employment Act), making the same discrimination claims he made in his EEO complaints. INS now moves for summary judgment in its favor. I grant the motion.

II.

On a motion for summary judgment, I evaluate the admissible evidence in the light most favorable to the non-moving party in

order to determine whether the evidence presents a genuine issue of material fact. *Bennett v. Roberts*, 295 F.3d 687, 694 (7th Cir. 2002).

A plaintiff may use either of two methods to prove intentional discrimination by an employer on the basis of race, sex, or age, or retaliation by an employer for engaging in statutorily protected activity. *See, e.g., Traylor v. Brown*, 295 F.3d 783, 788 (7th Cir. 2002) (addressing race and sex discrimination); *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 659 (7th Cir. 2001) (addressing age discrimination); *Hilt-Dyson v. City of Chicago*, 282 F.3d 456, 465-66 (7th Cir. 2002) (addressing retaliation). He may rely on direct evidence, or in the alternative, he may rely on the burden-shifting method of proof established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Cheek v. Peabody Coal Co.*, 97 F.3d 200 (7th Cir. 1996). Mr. Graham does not offer direct evidence of discrimination and proceeds directly to the indirect, burden-shifting method. Under the *McDonnell Douglas* framework, Mr. Graham must first establish a *prima facie* case of discrimination, which creates a rebuttable presumption of unlawful discrimination. Mr. Graham must prove, first, that he was within a protected class; second, that his performance met INS's legitimate expectations; third, that he suffered an adverse employment action; and finally, that INS treated similarly situated persons not in the protected

class more favorably. *Cheek*, 97 F.3d at 204. If Mr. Graham satisfies his *prima facie* burden, INS must articulate a legitimate, non-discriminatory reason for its termination decision. *Traylor v. Brown*, 295 F.3d 783, 788 (7th Cir. 2002). Mr. Graham must then "present sufficient evidence that would enable a trier of fact to find that the explanation is pretextual." *Id.*

While the complaint describes a variety of allegedly wrongful actions taken by INS before and after 1996, Mr. Graham's memorandum in opposition to the motion for summary judgment curiously ignores all these other actions and focuses exclusively on INS's failure to promote Mr. Graham to SCI in 1996. Therefore, I conclude that Mr. Graham has abandoned his attempt to use the additional incidents to support his discrimination claim, and I will likewise focus on the his non-promotion to SCI.

It appears that Mr. Graham can make a *prima facie* case of employment discrimination. He is a member of a protected class, African American; the parties agree that he was performing his job satisfactorily; he was passed over for a promotion he applied for; and the person who was promoted in his place is white, female, and younger than he. This state of affairs shifts the burden to INS, which proffers the non-discriminatory explanation that it believed that Ms. Lorigo was a better-qualified candidate than Mr. Graham. The burden now shifts back, and Mr. Graham must show that this explanation is pretextual.

5

This he cannot do. Mr. Graham insists that his credentials are equal or superior to Ms. Lorigo's, and thus that INS must have promoted her for illegal reasons. In *Millbrook v. IBP, Inc.*, 280 F. 3d 1169 (7th Cir. 2002), the Seventh Circuit made clear that a plaintiff's excellent credentials are not evidence of pretext unless the plaintiff was so obviously better qualified than the promotee that no reasonable person could have selected the promotee for the job in question rather than the plaintiff. *Id.* at 1180-81. True, Mr. Graham was rated more highly than Ms. Lorigo on the initial evaluation which led to their placement on the best qualified list, but those rankings were not revealed to Mr. Perryman before he made his decision. As Mr. Graham and Ms. Lorigo were both deemed among the "best qualified," and as Ms. Lorigo had six more years of INS experience than Mr. Graham and submitted recommendations while he did not, a reasonable employer could easily have preferred her. The undisputed facts do not meet the *Millbrook* standard.

Mr. Graham also makes much of the fact that Mr. Perryman, who made the SCI promotion decision, acknowledged that he viewed Ms. Lorigo's sex as a plus factor because at the time Ms. Lorigo was promoted, there were no female SCIs in the department. This is not evidence of illegal discrimination. Mr. Graham points to no case holding that an employer violates Title VII if it takes gender into

consideration in order to increase diversity in its supervisory staff.

Mr. Graham cannot show that INS' non-discriminatory reason for promoting Ms. Lorigo rather than Mr. Graham is pretextual. Thus, INS' motion for summary judgment in its favor is GRANTED.

ENTER ORDER

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: October 16, 2003